IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENDALL D. GIPSON,

    Plaintiff,

v.

JON E. LITSCHER, CATHY JESS, GARY
BOUGHTON, CATHY BROADBENT,
T. DICKMAN, LUCAS BROWN,
MS. SUTTER, CAPTAIN LEBBEUS
BROWN, BRIAN KOOL,
DAN WINKLESKI, M. KARTMAN,
CAPTAIN DAVID GARDNER,
JAILOR SHANNON, ELLEN RAY,
J. PAYNE, JAILOR DIESER,
JAILOR LEFFLER, JAILOR TOM,
JAILOR MATTI, MS. MORRIS,
SCOTT WALKER and JANE DOE,

    Defendants.

ORDER

Case No. 17-cv-635-wmc

On August 14 2017, Kendall Gipson filed a pleading titled "Writ of Habeas Corpus and § 1983 Civil Action Complaint with a Jury Demand." In addition, Gipson filed a proposed order requesting to pay the $350 filing fee from his prison release account funds. It appears that Gipson is attempting to bring both a petition for a writ of habeas corpus action under 28 § 2254 and a civil rights action under 42 U.S.C. § 1983 in one case. Indeed, Gipson asserts that he was wrongfully convicted and entitled to be released from custody, a claim that is properly raised in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *Prieser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (habeas corpus under § 2254 is exclusive remedy for state prisoner seeking immediate or speedier release). However, he also seeks money damages from violations of his right to access the courts and his Fourteenth Amendment

1

due process rights, which are claims that must be brought in a civil action under 42 U.S.C. § 1983. Gipson cannot bring both types of cases in one lawsuit.

In *Moran v. Sondalle*, 218 F.3d 647, 649 (7th Cir. 2000), the court noted that "[p]risoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress." *See also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action). However, the injury alleged in a claim, and not the relief sought, determines whether a claim is cognizable in habeas corpus or should instead be brought as a civil action. *Clayton-El v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996).

Here, Gipson may be attempting to avoid a number of limitations by filing his civil rights claim in a petition for a writ of habeas corpus. The filing fee for an action under § 1983 is $400 (or $350 is Gipson is permitted to proceed *in forma pauperis*) as opposed to $5 for actions brought under 28 U.S.C. § 2254. The requirements for exhausting administrative remedies are slightly less strict in § 1983 suits than in § 2254 actions. *Compare Massey v. Wheeler*, 221 F.3d 1030 (7th Cir. 2000) (exhaustion in § 1983 suit affirmative defense that may be waived) *with Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (no exception to statutory exhaustion requirements, such as those in § 2254).

On the other hand, in habeas corpus actions, the proper respondent is a petitioner's custodian, whereas in a § 1983 action, a plaintiff may proceed against any state official who is alleged to have been personally involved in violating his constitutional rights. In addition, actions under § 1983 are subject to the 1996 Prison Litigation Reform Act, whereas habeas corpus actions are not. Under the PLRA, the court must assess the plaintiff an initial partial payment of the filing fee, 28 U.S.C. § 1915(a)(2), screen his complaint before it is served on

the defendants and dismiss it promptly if it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2), and collect the remaining portion of the filing fee from his prison account even if his request for leave to proceed with his action is denied, 28 U.S.C. § 1915(b)(2). In addition, if a complaint is dismissed for one of the reasons listed above, a plaintiff may receive a "strike" under the three strikes provision of § 1915, § 1915(g).

Therefore, although this court will not dismiss this case, the court will require Gipson to clarify his intentions. Gipson may have until October 27, 2017, to inform the court in writing whether he wants his case to be treated as a § 1983 action or as a petition for a writ of habeas corpus.

Turning to Gipson's request to pay the filing fee from his prison release account funds, there is no federal law permitting this court to require state officials to submit the entire filing fee or other litigation costs by accessing a prisoner's release account funds. It is only when a prisoner's general account has insufficient funds to pay an initial partial filing fee payment that the Prisoner Litigation Reform Act permits this court to order an institution to access a prisoner's release account funds to satisfy that payment. *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). Therefore, if Gipson wishes to proceed with this lawsuit as a 42 U.S.C. § 1983 case, he must either pay the $400 filing fee or submit a motion for leave to proceed without prepayment of the filing fee and a certified copy of his inmate trust fund account statement no later than October 27, 2017. If Gipson wishes to proceed under 28 U.S.C. § 2254, he must either pay the $5 filing fee or submit a motion for leave to proceed without prepayment of the filing fee and a certified copy of an inmate trust fund account statement for the six-month period preceding the filing of this action.

ORDER

IT IS ORDERED that:

1. Kendall D. Gipson may have until October 27, 2017, in which to inform the court whether he wishes this court to treat his pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 or as a complaint in a civil action under 42 U.S.C. § 1983.

2. If Gipson chooses to proceed under § 1983, Gipson may have until October 27, 2017, to submit either the $400 filing fee or a motion for leave to proceed *in forma pauperis* and a trust fund account statement for the period beginning approximately February 14, 2017, and ending approximately August 14, 2017.

3. If Gipson chooses to treat his pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2254, he may have until October 27, 2017, to submit either the $5 filing fee or a motion for leave to proceed *in forma pauperis* and a trust fund account statement for the period beginning approximately February 14, 2017, and ending approximately August 14, 2017.

4. If, by October 27, 2017, Gipson fails to respond to this order, the court will assume that Gipson wishes to withdraw this action voluntarily. In that event, the case will be closed without prejudice to Gipson filing the case at a later date.

Entered this 26th day of September, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge